IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RIDAH BIN SALEH AL YAZIDI, *et al.*, ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | Civil Action No. 07-CV-2337 (HHK) |
| ) | |
| GEORGE W. BUSH, ) | |
| President of the United States, ) | |
| *et al.*, ) | |
| ) | |
| Respondents. ) | |
| ) | |

**RESPONDENTS' OPPOSITION TO AMENDED EMERGENCY MOTION TO
ENTER THE NOVEMBER 8, 2004 AMENDED PROTECTIVE ORDER**

Respondents hereby oppose petitioner Ridah Bin Saley Al Yazidi's Amended Emergency Motion for Entry of Protective Order (dkt. no. 11), which seeks entry of the protective orders issued in earlier habeas cases brought by detainees at Guantanamo Bay.[1] Petitioner's motion should be denied because this Court lacks jurisdiction over this case. *See Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 75 U.S.L.W. 3707 (June 29, 2007). Moreover, petitioner's request is inappropriate given that he has also filed a petition pursuant to the Detainee Treatment Act in the Court of Appeals and has a jurisdictionally appropriate alternative available to him, namely the protective order approved by the Court of Appeals for Detainee Treatment Act cases. Petitioner has inexplicably refused to avail himself of that option and,

---

[1] *See In re Guantanamo Detainee Cases*, 344 F. Supp. 2d 174 (D.D.C. Nov. 8, 2004) ("Amended Protective Order"); Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order in *In re Guantanamo Detainee Cases*, No. 02-CV-0299, *et al.* (D.D.C. Dec. 13, 2004); Order Addressing Designation Procedures for "Protected Information" in *In re Guantanamo Detainee Cases*, No. 02-CV-0299, *et al.* (D.D.C. Nov. 10, 2004).

instead, requests that this Court assert jurisdiction in this case and enter the habeas protective orders, contrary to the Court of Appeals' *Bouemedine* decision.[2]

For these reasons, as explained further below, petitioner's motion should be denied.

## BACKGROUND

The habeas corpus petition in this case was filed on December 31, 2007, on behalf of petitioner Al Yazidi, who was previously determined by a Combatant Status Review Tribunal ("CSRT") to be an enemy combatant. *See* dkt. no. 1; Respondents' Opposition To Motion For Temporary Restraining at 3 (dkt. no. 5). Petitioner Al Yazidi has also filed a petition for review under the Detainee Treatment Act ("DTA") in the Court of Appeals. *See Al Yazidi v. Gates*, Case No. 07-1522.

## ARGUMENT

**I.    PETITIONER'S MOTION SHOULD BE DENIED BECAUSE THE COURT LACKS JURISDICTION.**

Petitioner's request for entry of the habeas protective orders should be denied because the Court lacks jurisdiction to grant the requested relief. On October 17, 2006, the Military Commissions Act of 2006 ("MCA") was enacted. *See* Pub. L. No. 109-366, § 7, 120 Stat. 2600. The MCA amended the habeas statute, 28 U.S.C. § 2241, adding a subsection (e) to provide that "[n]o court, justice, or judge shall have jurisdiction" to consider either (1) habeas petitions filed by aliens detained by the United States determined to be enemy combatants or awaiting such a status determination, or (2) any other action "relating to any aspect of the detention, transfer,

---

[2] After the Court denied petitioner's first motion for failure to comply with this Court's local rules, *see* Minute Order (Jan. 14, 2007), respondents' counsel conferred with petitioner's counsel about the motion and offered to stipulate to entry of the Court of Appeals protective order in an effort to resolve this matter without litigation.

treatment, trial, or conditions of confinement" of an alien who is or was so detained, except for the exclusive review mechanism in the Court of Appeals created under the DTA for addressing the validity of the detention of such an alien.[3] *See* MCA § 7(a).  This new amendment to § 2241 took effect on the date of enactment and applies specifically "to all cases, without exception, pending on or after the date of the enactment of this Act which relates to any aspect of the detention, transfer, treatment, trial, or conditions of detention of an alien detained by the United States since September 11, 2001." *Id.* § 7(b).

On February 20, 2007, the Court of Appeals held in *Boumediene* that the MCA plainly applies to all cases filed by aliens detained as enemy combatants, including pending habeas petitions such as this one, and withdraws all District Court jurisdiction over such cases, including both habeas and non-habeas claims.  *See* 476 F.3d 981, 986-88 & n.1; *id.* at 994 ("Federal courts have no jurisdiction in these cases.").  The Court of Appeals also held that the withdrawal of habeas jurisdiction over pending cases did not violate the Suspension Clause because the alien detainees held at Guantanamo have no constitutional rights and because the constitutional right to seek habeas review does not extend to aliens held at Guantanamo.  *Id.* at 988-94.  Consequently, the Court of Appeals (1) ordered that the district courts' decisions on appeal be vacated and (2) dismissed the cases on appeal for lack of jurisdiction.  *Id.* at 994.

The Supreme Court granted *certiorari* in *Boumediene* on June 29, 2007, *see Boumediene v. Bush*, 127 S. Ct. 3078 (June 29, 2007), and heard argument on December 5, 2007.  However,

---

[3] *See* DTA § 1005(e)(2)-(3) (as amended by MCA §§ 9-10).  Section 1005(e)(2) of the DTA, as amended, states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," and it further specifies the scope and intensiveness of that review.

at least while *Boumediene* remains pending before the Supreme Court, the law of this Circuit[4] remains settled: under the MCA, federal district courts do not have jurisdiction over cases brought by aliens at Guantanamo Bay detained as enemy combatants, and such aliens do not have constitutional rights.[5]  Accordingly, the Court lacks jurisdiction over petitioner's case.

Indeed, based on this controlling precedent, the Court of Appeals recently emphasized that *Boumediene* "remains the law of this Circuit" and bars the assertion of jurisdiction.  *See*

---

[4] *See Maxwell v. Snow*, 409 F.3d 354, 358 (D.C. Cir. 2005) ("this Court is bound to follow circuit precedent until it is overruled either by an *en banc* court or the Supreme Court")*; Ayuda, Inc. v. Thornburgh*, 919 F.2d 153, 154 (D.C. Cir. 1990) (Henderson, J., concurring) ("Once [an] opinion [is] released it [becomes] the law of this circuit."); *Vo Van Chau v. U.S. Dep't of State*, 891 F. Supp. 650, 654 (D.D.C. 1995) (holding that the district court was bound by the principle of *stare decisis* to abide by a Court of Appeals decision even though the Court of Appeals had not yet issued its mandate and even though the mandate was stayed during the pendency of a petition for rehearing).  The law of the circuit doctrine renders the decision of a panel of circuit judges binding on all other panels within that circuit, *LaShawn A. v. Barry*, 87 F.3d 1389, 1395 (D.C. Cir. 1996) (*en banc*), and also on district courts within that circuit.  And, "[t]he requirement that jurisdiction be established as a threshold matter ... is 'inflexible and without exception." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (internal quotation marks and citations omitted).

[5] Even prior to enactment of the MCA, the DTA invested the Court of Appeals with the same "exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant."  *See* DTA § 1005(e)(2)-(3).  This investment of exclusive jurisdiction in the Court of Appeals, independent of the MCA, deprived the district court of jurisdiction in cases challenging the detention of enemy combatants.  *See*, *e.g.*, *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 207-09 (1994) ("exclusive" jurisdiction under federal Mine Act precludes assertion of district court jurisdiction); *Laing v. Ashcroft*, 370 F.3d 994, 999-1000 (9th Cir. 2004) ("§ 2241 is ordinarily reserved for instances in which no other judicial remedy is available"); *Telecomms. Research & Action Ctr. v. FCC*, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals); *cf. id.* at 77 ("By lodging review of agency action in the Court of Appeals, Congress manifested an intent that the appellate court exercise sole jurisdiction over the class of claims covered by the statutory grant of review power.").  In any event, with the enactment of the MCA, as the D.C. Circuit made clear in *Boumediene*, district court jurisdiction has been unambiguously withdrawn.

*Rasul v. Myers*, 2008 WL 108731 at *14. (D.C. Cir. Jan. 11, 2008). The Court of Appeals explained:

> *Boumediene* is currently before the Supreme Court on certiorari review. Nevertheless, we must follow Circuit precedent until and unless it is altered by our own en banc review or by the High Court. *See United States v. Carson*, 455 F.3d 336, 384 n.43 (D.C. Cir. 2006) ("[W]e are, of course, bound to follow circuit precedent absent contrary authority from an en banc court or the Supreme Court." (citing *Brewster v. Comm'r*, 607 F.2d 1369, 1373 (D.C. Cir. 1979)).

*Id.* at n.15. As the D.C. Circuit recognized in *Rasul*, courts are not free to ignore the binding precedent in *Boumediene* merely because the Supreme Court has granted review. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("'Without jurisdiction [a] court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)). Consequently, this Court has no choice but to deny petitioner's motion for entry of the protective order.

II.   **PETITIONER'S REQUEST FOR ENTRY OF A PROTECTIVE ORDER SHOULD BE DENIED BECAUSE PETITIONER MAY SEEK ENTRY OF A PROTECTIVE ORDER IN HIS PENDING DETAINEE TREATMENT ACT CASE.**

Petitioner argues that entry of a protective order in this case is needed so that his counsel can visit him at Guantanamo Bay. *See* Petitioner's Motion at 2. Entry of a protective order for counsel access is not appropriate in this case, however. Whatever the ultimate outcome of Supreme Court review in the *Boumediene* case may be, it is indisputable that in the interim, consistent with the law of the Circuit, Guantanamo detainee habeas cases, such as this one, should not be, and are not, moving forward on the merits. On the other hand, a jurisdictionally appropriate alternative is available to petitioner to challenge the merits of his detention in a DTA

petition in the Court of Appeals. Indeed, petitioner has already filed such a petition. *See Al Yazidi v. Gates*, Case No. 07-1522. Moreover, the Court of Appeals has adopted a protective order in the DTA litigation that creates a counsel access regime consistent with the scope of review established by Congress. In *Bismullah v. Gates*, 501 F.3d 178 (D.C. Cir. 2007), *reh'g pending on other grounds*, the Court of Appeals entered a protective order after a host of issues had been litigated, and after the Court of Appeals specifically considered and rejected the very district court protective order regime now sought by petitioner. *See id.* at 189-90; *see also Bismullah v. Gates*, No. 06-1197, and *Parhat v. Gates*, No. 06-1397 (October 23, 2007) (entering Amended Protective Order). Given this situation, petitioner has no legitimate claim to action by this Court intended to facilitate access for the purpose of development of his case on the merits. Such access should be granted as appropriate not by this Court, but in the context of petitioner's pending DTA case in the Court of Appeals.

Petitioner also is not entitled to circumvent the determination by the Court of Appeals as to the sort of protective order considered to be appropriate with respect to detainees' challenges to their detention and seek to obtain jurisdictionally inappropriate action on such matters by this Court. Notwithstanding the decision by the Court of Appeals in *Bismullah*, petitioner in this case apparently wants to have it both ways – that is, actively litigate his DTA case in the Court of Appeals, but do so under the terms of the habeas protective order entered by this Court.[6] As noted above, the Court of Appeals in *Bismullah* explicitly rejected the district court protective

---

[6] Indeed, petitioner has thus far refused to consent to entry of the DTA protective order, but he has nonetheless requested that the Government produce the CSRT record in the DTA case. *See* Exhibit 1.

order regime. Indeed, it would seem to be error for this Court to countenance petitioner's attempt to circumvent that decision by entering the protective order in this case.

To the extent petitioner has complaints about the terms of the *Bismullah* protective order, any attempt to relitigate such issues in this Court would be improper. Such objections should be litigated, if anywhere, before the Court of Appeals. Furthermore, because the protective order entered by the Court of Appeals differs in significant respects from the protective order entered in other Guantanamo habeas cases prior to the *Bismullah* decision, granting petitioner's requested relief has the potential to create significant problems of concurrent and conflicting obligations on the parties under competing protective orders entered by different courts. In the interests of clarity and comity, the Court should refrain from entering the habeas protective orders, in deference to the protective order that has consistently been entered by the Court of Appeals in the DTA litigation.

## **CONCLUSION**

For the reasons stated above, petitioner's Amended Emergency Motion for Entry of Protective Order should be denied. A proposed order is attached.

Dated: January 22, 2008                                   Respectfully submitted,

                                                          JEFFREY S. BUCHOLTZ
                                                          Acting Assistant Attorney General

                                                          DOUGLAS N. LETTER
                                                          Terrorism Litigation Counsel

                                                           */s/ Andrew I. Warden*
                                                          JOSEPH H. HUNT (D.C. Bar No. 431134)
                                                          VINCENT M. GARVEY (D.C. Bar No. 127191)
                                                          JUDRY L. SUBAR (D.C. Bar 347518)

TERRY M. HENRY
JAMES J. SCHWARTZ
JEAN LIN
ROBERT J. KATERBERG
ANDREW I. WARDEN (IN Bar 23840-49)
NICHOLAS A. OLDHAM
JAMES C. LUH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4938
Fax:  (202) 616-8470

Attorneys for Respondents

# EXHIBIT 1

### Warden, Andrew (CIV)

**From:** Pojanowski, Sarah [Sarah.Pojanowski@hellerehrman.com]
**Sent:** Thursday, January 10, 2008 1:02 PM
**To:** Warden, Andrew (CIV)
**Subject:** Request for CSRT Decisions for DTA Cases

Dear Andrew:

Pursuant to the DC Circuit's Orders of December 21, 2006 in Al Yazidi v. Gates, No. 07-1522, and Al Shubati v. Gates, No. 07-1521, please send us copies of all underlying Combatant Status Review Tribunal decisions in those cases.

Regards,
Sarah

**Sarah Pojanowski** | Attorney | HellerEhrman LLP | 1717 Rhode Island Avenue, NW | Washington, DC 20036
tel: +1.202.912.2610 | fax: +1.202.912.2020 | email: sarah.pojanowski@hellerehrman.com | web: www.hellerehrman.com

===============================================

This email is sent by a law firm and contains information that may
be privileged and confidential. If you are not the intended recipient,
please delete the email and notify us immediately.

===============================================

1/17/2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RIDAH BIN SALEH AL YAZIDI, *et al.*, ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | Civil Action No. 07-CV-2337 (HHK) |
| ) | |
| GEORGE W. BUSH, ) | |
| President of the United States, ) | |
| *et al.*, ) | |
| ) | |
| Respondents. ) | |

**[Proposed] ORDER**

Upon consideration of petitioner's Amended Emergency Motion for Entry of Protective Order, and respondents' opposition thereto, it is hereby

ORDERED that petitioner's motion is DENIED.

DATED: _____

_____
UNITED STATES DISTRICT JUDGE