## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

**RIDAH BIN SALEH AL YAZIDI, et al.,**

                 Petitioners/Plaintiffs,

    v.

**GEORGE W. BUSH, et al.**,

               Respondents/Defendants.

**CIVIL ACTION NO. 07-CV-02337 (HHK)**

### PETITIONER'S MOTION TO RECONSIDER
### AND VACATE FEBRUARY 5, 2008 ORDER

Petitioner, Ridah Bin Saleh Al Yazidi ("Petitioner Yazidi"), respectfully asks the

Court to reconsider and vacate its February 5, 2008 Order denying Petitioner Yazidi's

"Amended Emergency Motion to Enter the November 8, 2004 Amended Protective Order

From *In Re Guantanamo Bay Detainees Cases*."  Petitioner Yazidi also asks the Court to

enter the November 8, 2004 amended protective order sought in its original motion, filed

January 15, 2008 ("habeas protective order").[1]

When Petitioner Yazidi briefed the issue of entry of a protective order on January

15, 2008 and January 23, 2008, he wrote the motions sparingly because in the past Judge

Kennedy consistently granted Guantanamo habeas petitioners the protective order sought

---

[1] Pursuant to U.S. District Court for the District of Columbia LCvR 7(m), Heller
Ehrman LLP discussed this motion with opposing counsel by phone on March 31, 2008.
Respondents oppose this motion, and the parties could not narrow the areas of
disagreement.

here.  Accordingly, in his moving papers, Petitioner did not repeat the details of his arguments for granting such protective orders, in an effort to save Judge Kennedy the time of reading already familiar arguments.  Because it is unclear in Judge Kennedy's February 5, 2008 Order why he denied Petitioner Yazidi's motion, and because of Judge Kennedy's consistent history of granting such motions in the past, Petitioner Yazidi is concerned that the February 5, 2008 Order was issued as an error of misunderstanding, apprehension, or oversight.  It is on this basis that Petitioner Yazidi now moves the court to reconsider and vacate its February 5, 2008 Order.

District courts for the District of Columbia have held that reconsideration motions should be granted "as justice requires." *Judicial Watch v. Dep't of the Army*, 466 F. Supp. 2d 112, 113 (D.D.C. 2006).  In practice, this "standard amounts to determining 'whether reconsideration is necessary under the relevant circumstances.'" *Id.* (quoting *Corbell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)).  When deciding "whether reconsideration is necessary," a court should ask the concrete questions of whether a "'Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, [or] has made an error not of reasoning, but of apprehension.'" *Lemmons v. Georgetown Univ. Hosp.*, 241 F.R.D. 15, 22 (D.D.C. 2007) (quoting *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005)).

It is Petitioner Yazidi's belief that the February 5, 2008 Order may have issued as a result of misunderstanding, apprehension, or oversight on the part of the Court.  This Court is clearly familiar with the habeas protective order sought in Petitioner Yazidi's

2

original motion, and this Court is also clearly familiar with the *Boumediene* case, which is currently pending before the United States Supreme Court.  It has seemingly been Judge Kennedy's position in the past that a habeas protective order was necessary to allow detainees and counsel to communicate, and that until the Supreme Court rules in *Boumediene*, the status quo allowing counsel access to its clients at the Guantanamo Bay Naval Base should remain in effect.   *See* Order Entering Am. Protective Order, *Hentif v. Bush*, Civ. No. 06-01766 (HHK) (D.D.C. Nov. 21, 2006); Order, *Saleh v. Bush*, Civ. No. 06-01765 (HHK) (D.D.C. Nov. 17, 2006).

To the extent that the Court believed that Respondents' willingness to consent to entry of a temporary protective order under the Detainee Treatment Act ("DTA") ("DTA protective order") was a compromise between the government and petitioners, the Court is mistaken.  Respondents' proposed DTA protective order is grossly insufficient for Petitioner Yazidi's habeas case; it is too narrow and would not permit Petitioner Yazidi adequate access to counsel regarding this case.

*First*, under the DTA protective order, petitioner can only receive legal mail that is:

> intended for filing in [the DTA] action and correspondence directly related to those documents that:
>
> (1) "relate[s] directly to the litigation of [the DTA] action; [and]
> (2) address only (a) events leading up to the capture of the Detainee on whose behalf the petition was filed, (b) events occurring between such Detainee's capture and any hearing before a Combatant Status Review Tribunal (CSRT) relating to such Detainee, and (c) the conduct of the CSRT proceeding relating to such Detainee[.]

DTA Protective Order, at 3.I.  On its face, this provision precludes Petitioner from receiving *any legal mail* about this habeas corpus case.  *See id*.

*Second*, only two client visits are permitted under the DTA protective order to "obtain [the client's] authorization to seek review of the CSRT's determination of his status."  While the protective order does not limit the content of material discussed in visits — as it limits the content of material discussed in written correspondence — to materials concerning DTA litigation, this provision is hardly accommodating because the number of visits is so strictly limited.

If the DTA protective order is applied to this case, Petitioner Yazidi would have access to counsel during a total of two meetings.  This severe limitation on counsel access is unacceptable.  Counsel could not send legal mail to Petitioner in advance of its visits about this case, because of limitations on content under the DTA protective order. Counsel could not write Petitioner Yazidi legal mail letters following up on matters related to this case that were discussed in visits, because of limitations on content under the DTA protective order.  And once counsel and Petitioner Yazidi have met twice — which is not sufficient time for counsel to even begin to develop the trust of a person who has spent the last six years of his life in detention — all contact regarding this case would cease under the DTA protective order.  For these reasons, the government's "willingness" to enter a temporary protective order under the DTA should not be viewed by this court as a compromise on the part of the government.  Moreover, the DTA protective order should not be viewed by this court as an alternative to the protective order requested in this motion.

While the February trip to Guantanamo that served as the basis for the "emergency" in Petitioner Yazidi's January 15, 2008 "Amended Emergency Motion to Enter the November 8, 2004 Amended Protective Order From *In Re Guantanamo Bay Detainees Cases*" has already come and gone, Heller Ehrman has since planned a subsequent trip to Guantanamo in May 2008. It is counsel's hope that Petitioner Yazidi's Motion to Reconsider and Vacate February 5, 2008 Order will be granted by this Court, and that, in light of the explanation provided above, the Court will enter the November 8, 2004 Amended Protective Order from *In re Guantanamo Bay Detainees Cases*. Such a ruling would permit counsel from Heller Ehrman to not only meet with Petitioner Yazidi during its upcoming trip to Guantanamo in May 2008, but also would allow counsel to write to Petitioner Yazidi through the legal mail channels to inform him of the upcoming visit, the status of his legal representation and case, the pending resolution of *Boumediene v. Bush* by the Supreme Court, and many other critical issues that affect Petitioner Yazidi's well-being and future, and about which Petitioner Yazidi deserves to be informed, at least until the Supreme Court hands down a decision stating otherwise.

For the above reasons, Petitioner Yazidi respectfully requests that this Court grant Petitioner's Motion to Reconsider and Vacate February 5, 2008 Order and enter the habeas protective order in this case.

Dated: March 31, 2008                    Respectfully submitted,

                                         Counsel for Petitioner:

                                            */s/ Brent N. Rushforth*
                                         _____

5

Brent N. Rushforth (DC 331074)
Kit A. Pierson (DC 398123)
Sarah B. Pojanowski (DC 502036)
Jenny L. Workman (DC 502584)
Elizabeth S. Arora
Janet E. Haws
**HELLER EHRMAN LLP**
1717 Rhode Island Avenue, NW
Washington, DC 20036
Tel: (202) 912-2000
Fax: (202) 912-2020

Shayana Kadidal (DC 49512)
Pardiss Kebriaei (DC 51395)
**CENTER FOR CONSTITUTIONAL
RIGHTS**
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

**RIDAH BIN SALEH AL YAZIDI, et al.,**

                    Petitioners/Plaintiffs,

   v.                                                          **CIVIL ACTION NO. 07-CV-02337**
                                                                                   **(HHK)**
**GEORGE W. BUSH, et al.**,

                    Respondents/Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that, on this 31st day of March, 2008, I caused a true and correct copy of the **PETITIONER'S MOTION TO RECONSIDER AND VACATE FEBRUARY 5, 2008 ORDER** to be served by the ECF system on:

TERRY M. HENRY
ANDREW WARDEN
JUDRY SUBAR
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 514-4107
Fax: (202) 616-8470
Counsel for Respondents

                    _____/s/ Brent N. Rushforth_____

7