UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RIDAH BIN SALEH AL YAZIDI, et al.,<br><br>　　　　Petitioners/Plaintiffs,<br><br>　　v.<br><br>GEORGE W. BUSH, et al.,<br><br>　　　　Respondents/Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civ. A. No. 07-2337 (HHK)<br>)<br>)<br>)<br>)<br>) |
| ABDURRAHMAN ABDALLAH ALI<br>MAHMOUD AL SHUBATI, et al.,<br><br>　　　　Petitioners/Plaintiffs,<br><br>　　v.<br><br>GEORGE W. BUSH, et al.,<br><br>　　　　Respondents/Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civ. A. No. 07-2338 (HHK)<br>)<br>)<br>)<br>)<br>) |

**RESPONDENTS' CONSOLIDATED OPPOSITION TO PETITIONERS'
MOTIONS TO RECONSIDER AND VACATE FEBRUARY 5, 2008 ORDERS**

In the two above-captioned habeas corpus cases, the petitioners have filed identical motions (dkt. 19 in both cases) to reconsider and vacate Orders this Court entered in each case on February 5, 2008, denying their motions for entry of protective orders. Because the motions and issues are identical, respondents address them through this consolidated opposition. The motions for reconsideration should be denied because petitioners have already had an adequate opportunity to brief this issue, this Court correctly decided the original motions, and the stringent standards for reconsideration are not met. As respondents argued in opposition to the original

motions, not only does this Court presently lack jurisdiction, see Boumediene v. Bush, 476 F.3d 981 (D.C. Cir.), cert. granted, 127 S. Ct. 1478 (2007), but the relief petitioners request is wholly unnecessary because counsel are free to obtain access to their client through the parallel Detainee Treatment Act ("DTA") cases they have properly filed in the Court of Appeals. Indeed, both petitioners have now stipulated to entry of protective orders in their respective DTA cases pending in the D.C. Circuit, which will enable counsel access.[1] While petitioners quibble with certain terms of the protective order that the Court of Appeals has approved, their complaints are unfounded, more properly addressed to the Court of Appeals, and, in any event, do not provide an adequate basis for this Court to exercise jurisdiction it does not have, to enter a protective order different from that which our Court of Appeals has seen fit to approve.

## BACKGROUND

Each of these habeas corpus petitions was filed on December 31, 2007, two years after the Detainee Treatment Act of 2005 ("DTA"), Pub. L. No. 109-148, § 1005(e)(2), 119 Stat. 2680, made review in the United States Court of Appeals for the District of Columbia Circuit the exclusive procedure for challenging the detention of aliens detained at Guantanamo Bay determined by Combatant Status Review Tribunals to be enemy combatants; fourteen months after the Military Commissions Act of 2006 ("MCA"), Pub. L. No. 109-366, 120 Stat. 2600, reemphasized this exclusivity; and nearly a year after the D.C. Circuit gave effect to this plain congressional intent by holding that the district court lacked jurisdiction over habeas corpus cases like these, see Boumediene, 476 F.3d 981.

---

[1] See Joint Motion for Entry of Protective Order, filed Apr. 10, 2007 in Al Shubati v. Bush, No. 07-1521 (attached hereto as Ex. A); Joint Motion for Entry of Protective Order, filed Apr. 10, 2007, in Al Yazidi v. Gates, No. 07-1522 (D.C. Cir.) (attached hereto as Ex. B).

At the time these habeas corpus petitions were filed, each of the petitioners, represented by the same counsel, already had pending cases in the D.C. Circuit under the DTA challenging their detention as enemy combatants. See Al Shubati v. Gates, No. 07-1521 (D.C. Cir.); Al Yazidi v. Gates, No. 07-1522 (D.C. Cir.). In other DTA cases, the D.C. Circuit has approved, after substantial briefing and argument, a protective order for DTA cases that provides for counsel access, see Bismullah v. Gates, 501 F.3d 178 (D.C. Cir. 2007), cert. on other issues pending (No. 07-1052). Petitioners and the government recently jointly moved for entry of that protective order in their respective DTA cases, while reserving the right to seek subsequent modifications of any particular terms of that order. See Exs. A, B.

On January 14, 2008, petitioners filed "emergency" motions for entry of a protective order in the instant cases, rather than in their DTA cases (dkt. no. 10$^2$). The Court initially denied those motions without prejudice because they did not comply with meet-and-confer requirements (Minute Order dated Jan. 14, 2008). After petitioners filed "amended emergency" motions that corrected the deficiencies (dkt. no. 11), the motions were duly briefed, and the Court denied each of them on February 5, 2008 "[u]pon consideration of the motion, the opposition thereto and the record of this case" (dkt. no. 14).

The instant motions for reconsideration represent petitioners' third try. Petitioners explain that counsel from Heller Ehrman have a visit to Guantanamo planned for May 2008 in connection with other pending habeas cases, and they wish to have the protective order entered in their district court habeas cases so that they include a meeting with petitioners in that visit.

---

[2] The two above-captioned cases have proceeded in tandem so far, and so all docket numbers are the same in both cases.

**ARGUMENT**

I.  **THE COURT LACKS JURISDICTION TO GRANT THE REQUESTED RELIEF**

As respondents explained when opposing the original motions, this Court lacks jurisdiction to grant the requested relief. See Resp. Opp. (dkt. no. 13) at 2-5. Petitioners' motions for reconsideration do not even deign to address the substantial jurisdictional issues posed by the DTA, the MCA, and the Circuit's decision in Boumediene. This failure, alone, is sufficient to justify denial of the motions.[3]

II. **IN ANY EVENT, THE MOTIONS FOR RECONSIDERATION ARE WITHOUT MERIT**

Even if this Court were to conclude that it has some limited jurisdiction to grant the relief requested, that relief is clearly not appropriate here. This Court has held that a motion for reconsideration "'need not be granted unless the district court finds that there is an intervening

---

[3] Petitioners' motions for reconsideration do not rely upon the D.C. Circuit's recent decision in Belbacha v. Bush, No. 07-5258, --- F.3d ---, 2008 WL 680637 (D.C. Cir. Mar. 14, 2008), and, in any event, that case would not support the relief they seek. In Belbacha, the Court of Appeals held that while awaiting the Supreme Court's decision in Boumediene, the district courts should not automatically reject motions by Guantanamo detainees for injunctions against transfer for lack of jurisdiction. In so holding, the Court of Appeals reaffirmed the principle that "[a] decision of this court is binding upon a later panel and upon the district court," but carved out a narrow principle that "when the Supreme Court grants certiorari to review this court's determination that the district court lacks jurisdiction, a court can, pursuant to the All Writs Act, 28 U.S.C. § 1651, and during the pendency of the Supreme Court's review, act to preserve the status quo in other cases raising the same jurisdictional issue if a party satisfies the criteria for issuing a preliminary injunction." Id. at *3. As noted, this narrow holding came in the context of a request by a detainee to preserve the status quo by barring a transfer to a foreign country that indisputably would have divested any putative jurisdiction of the district court. Here, in contrast, petitioners are attempting not to preserve the status quo, but to change it by entry of a protective order establishing attorney access to petitioners that did not previously exist, and on terms different from those approved by the Court of Appeals. Moreover, petitioners do not invoke the All Writs Act, and have not even attempted to argue that their motions satisfy the criteria for issuing a preliminary injunction.

change of controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice.'" Turner v. Dep't of Interior, Civ. A. No. 05-1543(HHK), 2007 WL 2982722, *1 (D.D.C. Oct. 12, 2007) (quoting Anyanwutaku v. Moore, 151 F.3d 1053, 1057 (D.C. Cir. 1998)).  Further, "'[a] motion for reconsideration will not be granted if a party is simply attempting to renew factual or legal arguments that it asserted in its original briefs and that were already rejected by the Court.'" Id. at *2 (quoting Pearson v. Thompson, 141 F. Supp. 2d 105, 107 (D.D.C. 2001)).

Petitioners speculate that both February 5, 2008 Orders were issued "as a result of misunderstanding, apprehension [sic], or oversight on the part of the Court."  Petrs' Motions at 2. However, it is more reasonable to infer that the Court found merit in one or more of the grounds in defendants' opposition, namely, that this Court lacks jurisdiction under current binding precedent in this Circuit, and/or that the availability of counsel access through entry of a proper protective order in petitioners' parallel DTA cases obviated any need for entry of a protective order in these cases.  Petitioners had filed two-page reply briefs in which they made the same arguments contained in their present motions for reconsideration, albeit in much more abbreviated fashion.  Evidently dissatisfied with their original briefs, they now attempt to elaborate on their arguments, effectively seeking a "second bite at the apple" through reconsideration.  These arguments are no more compelling with elaboration than they were without it.

Petitioners take the position that the DTA protective order is inadequate for two reasons: they believe it limits them to two attorney-client visits, and they consider its provisions for legal mail unduly constrictive.  See Petrs' Motions at 3-4.  Putting aside the inherent unsoundness of

petitioners' invitation to this Court to sit in judgment of the adequacy of a protective order that a three-judge panel of our Court of Appeals adopted following substantial briefing and argument, the alleged deficiencies are specious and makeweight.

Petitioners' concern that the DTA protective order limits them to two attorney-client visits each appears to be a simple misunderstanding, and, properly understood, the complained-of provision is virtually the same as its counterpart in the In re Guantanamo Detainee Cases version of the protective order petitioners favor. Petitioners assert that "[i]f the DTA protective order is applied to this case, Petitioner [Shubati/Yazidi] would have access to counsel during a total of two meetings. . . . And once counsel and Petitioner [Shubati/Yazidi] have met twice . . . all contact regarding this case would cease under the DTA protective order." Petrs' Motions at 4. This is simply wrong. The relevant language of the DTA protective order provides: "Prospective counsel for a Detainee may have up to two visits with a Detainee to obtain his authorization to seek review of the CSRT's determination of his status." DTA Protective Order ¶ 5.F, reprinted in Bismullah, 501 F.3d at 199 (emphasis added). This language is clear that the two-visit limitation applies only to visits before a detainee has affirmed that he desires to be represented by counsel and to pursue a DTA case; once petitioner has signed on to the representation and litigation, the limitation has no further effect.[4] See also Bismullah, 501 F.3d at 190-91 (explaining the basis and scope of the two-visit limitation).

In any event, and perhaps more importantly, the version of the protective order that plaintiffs are asking this Court to enter contains the same limitation, only in slightly different

---

[4] To accept petitioners' argument that the two-visit provision constrains them would require the Court to assume that petitioners will not ratify the DTA petitions that have been filed on their behalf, and that the petitions essentially have been filed against their wishes.

words. See Revised Procedures for Counsel Access to Detainees at the U.S. Naval Base in Guantanamo Bay, Cuba, ¶ III.C.2, reprinted in In re Guantanamo Detainee Cases, 344 F. Supp. 2d 174, 185 (D.D.C. 2004) ("Counsel shall provide evidence of his or her authority to represent the detainee as soon as practicable and in any event no later than ten (10) days after the conclusion of a second visit with the detainee."). Thus, the two-visit provision, read according to its plain terms, does not render the DTA protective order inadequate as petitioners claim.

Petitioners' other argument is that the DTA protective order's definition of legal mail is too narrow. Here again, petitioners' complaint is based on hyperbole and vague speculation. They complain that the D.C. Circuit's definition of legal mail "precludes Petitioner from receiving any legal mail about this habeas corpus case." Petrs' Motions at 4 (emphasis in original). However, there is not some vast gulf between the type of information that would be relevant to petitioners' DTA claims and the type of information that would be relevant to any habeas claims, assuming arguendo there is jurisdiction over the latter. The DTA protective order permits legal mail regarding "events leading up to the capture of the Detainee," "events occurring between such Detainee's capture and" his CSRT hearing, and "the conduct of the CSRT proceeding relating to such Detainee." DTA Protective Order ¶ 3.I, reprinted in Bismullah, 501 F.3d at 196. These three categories would seem to be virtually coextensive with what could conceivably be relevant to petitioners' habeas claims attacking the legality of their detention.[5] In any event, if petitioners have a genuine objection to the DTA protective order's definition of

---

[5] Petitioners' counsel also wish to write to petitioners through legal mail channels to inform them about the upcoming visit, their legal representation, and the pending resolution of Boumediene v. Bush by the Supreme Court. See Petrs' Motions at 5. Contrary to what petitioners imply, nothing in the DTA protective order prohibits communicating about these topics through legal mail.

legal mail, they should address that argument to the Court of Appeals in their pending DTA cases.[6]

## CONCLUSION

For the reasons stated above, petitioners' motions to reconsider and vacate the Court's February 5, 2008 Orders should be denied. A proposed order is attached.

Dated: April 14, 2008

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

 /s/ Robert J. Katerberg
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar 347518)
TERRY M. HENRY
JAMES J. SCHWARTZ
JEAN LIN
ROBERT J. KATERBERG
ANDREW I. WARDEN (IN Bar 23840-49)
NICHOLAS A. OLDHAM
JAMES C. LUH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 616-8298
Fax:  (202) 616-8460
Attorneys for Respondents

---

[6] In this regard, it is worth noting that in jointly moving for entry of the DTA protective order in their pending DTA cases in the D.C. Circuit, the parties expressly "reserve[d] the right to subsequently challenge the terms of any protective order entered in this case, including the order proposed by this motion." Exs. A, B. Thus, petitioners are free to present their objections to the D.C. Circuit and pursue any modifications they believe are warranted.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RIDAH BIN SALEH AL YAZIDI, et al.,**<br><br>Petitioners/Plaintiffs,<br><br>v.<br><br>**GEORGE W. BUSH, et al.,**<br><br>Respondents/Defendants. | Civ. A. No. 07-2337 (HHK) |

### [PROPOSED] ORDER

Before the Court is petitioners' Motion to Reconsider and Vacate February 5, 2008 Order [#19]. Upon consideration of the motion, the opposition thereto and the record of this case, the Court concludes that the motion should be denied. Accordingly, it is this _____ day of _____ 2008, hereby

**ORDERED** that petitioners' motion is **DENIED**.

_____
Henry H. Kennedy, Jr.
United States District Judge

# EXHIBIT A



[NOT YET SCHEDULED FOR ORAL ARGUMENT]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| ADBURRAHMAN MAHMOUD AL SHUBATI,<br><br>Petitioner,<br><br>v.<br><br>ROBERT M. GATES, United States Secretary of Defense, et al.,<br><br>Respondents. | No. 07-1521 |

## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

Pursuant to Federal Rule of Appellate Procedure 27 and this Court's Circuit Rule 27, the parties jointly move to enter the Protective Order (as amended) entered by this Court on October 23, 2007, in *Bismullah v. Gates*, No. 06-1197, and *Parhat v. Gates*, No. 06-1397.[1] No protective order has yet been entered in this case.

---

[1] Respondents reserve the right to challenge through any appropriate process the *Bismullah* ruling, including the protective order entered in that case. Both parties reserve the right to subsequently challenge the terms of any protective order entered in this case, including the order proposed by this motion.

## CONCLUSION

For the foregoing reasons, the Court should enter in this case the amended *Bismullah* protective order, which was entered in *Bismullah* on October 23, 2007.

_____
Brent N. Rushforth
Heller Ehrman LLP
1717 Rhode Island Ave. NW
Washington, DC 20036

Attorney for Petitioner

APRIL 2008

Respectfully submitted,

DOUGLAS N. LETTER

*Terrorism Litigation Counsel*

_____
ANTHONY J. STEINMEYER
(202) 514-3388

_____
William G. Cole
(202) 514-4549
*Attorneys, Appellate Staff
Civil Division, Room 7217
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530-0001*

Attorneys for Respondent

## CERTIFICATE OF SERVICE

I hereby certify that on April 9th, 2008, I served the foregoing **JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER** by causing an original and four copies to be delivered to the Court via hand delivery, and by causing a copy to be mailed, via Federal Express Overnight, to:

Brent N. Rushforth
Kit A. Pierson
Heller Ehrman LLP
Firm: 202-912-2000
1717 Rhode Island Avenue, NW
Washington, DC 20036-1228

Shayana Devendra Kadidal
Pardiss Kebriaei
Center for Constitutional Rights
Firm: 212-614-6431
666 Broadway
7th Floor
New York, NY 10012-0000

William G. Cole

# EXHIBIT B

[NOT YET SCHEDULED FOR ORAL ARGUMENT]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| RIDAH BIN SALEH AL YAZIDI,<br><br>Petitioner,<br><br>v.<br><br>ROBERT M. GATES, United States Secretary of Defense, et al.,<br><br>Respondents. | No. 07-1522 |

JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

Pursuant to Federal Rule of Appellate Procedure 27 and this Court's Circuit Rule 27, the parties jointly move to enter the Protective Order (as amended) entered by this Court on October 23, 2007, in *Bismullah v. Gates*, No. 06-1197, and *Parhat v. Gates*, No. 06-1397.[1] No protective order has yet been entered in this case.

---

[1] Respondents reserve the right to challenge through any appropriate process the *Bismullah* ruling, including the protective order entered in that case. Both parties reserve the right to subsequently challenge the terms of any protective order entered in this case, including the order proposed by this motion.

## CONCLUSION

For the foregoing reasons, the Court should enter in this case the amended *Bismullah* protective order, which was entered in *Bismullah* on October 23, 2007.

Respectfully submitted,

_____
Brent N. Rushforth
Heller Ehrman LLP
1717 Rhode Island Ave. NW
Washington, DC 20036

Attorney for Petitioner

DOUGLAS N. LETTER

*Terrorism Litigation Counsel*

_____
MICHAEL JAY SINGER
(202) 514-5432

_____
SARANG VIJAY DAMLE
(202) 514-5735
*Attorneys, Appellate Staff*
*Civil Division, Room 7217*
*U.S. Department of Justice*
*950 Pennsylvania Ave., N.W.*
*Washington, D.C. 20530-0001*

Attorneys for Respondent

APRIL 2008

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2008, I served the foregoing **JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER** by causing an original and four copies to be delivered to the Court via hand delivery, and by causing a copy to be mailed, via Federal Express Overnight, to:

Brent N. Rushforth
Kit A. Pierson
Heller Ehrman LLP
Firm: 202-912-2000
1717 Rhode Island Avenue, NW
Washington, DC 20036-1228

Shayana Devendra Kadidal
Pardiss Kebriaei
Center for Constitutional Rights
Firm: 212-614-6431
666 Broadway
7th Floor
New York, NY 10012-0000

Sarang V. Damle